﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 201104-124763
DATE: March 31, 2021

REMANDED

Entitlement to service connection for colon cancer, as due to herbicide exposure, is remanded. 

Entitlement to service connection for vertigo, as secondary to colon cancer, is remanded. 

REASONS FOR REMAND

The Veteran served on active duty from March 1966 to March 1968 as a member of the United States Army, to include service in the Republic of Vietnam. 

Rating decisions were issued under the legacy system in July 2015 and April 2016 and the Veteran submitted timely notice of disagreements. In October 2020, the agency of original jurisdiction (AOJ) issued a supplemental statement of the case (SSOC). The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a November 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the October 2020 SSOC. Therefore, the October 2020 SSOC is the decision on appeal. 

In the November 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the November 2020 SSOC. 38 C.F.R. § 20.301.

1. Service connection for colon cancer is remanded.

The issue of entitlement to service connection for colon cancer is remanded to correct a duty to assist error that occurred prior to the October 2020 SSOC on appeal. 

The Veteran contends that service connection for colon cancer is warranted based on herbicide agent exposure in Vietnam. Alternatively, he contends that his liver cirrhosis and service-connected non-Hodgkins lymphoma may have been primary causes of his colon cancer and vertigo. 

In March 2017, the Veteran submitted a medical article purporting to show a connection between herbicide agent exposure and colon cancer. 

In June 2019, the Board remanded the matter to obtain a VA examination and medical opinion. 

In December 2019, the Veteran submitted a letter from his treating VA clinician, Dr. J.B. The opinion was meant to support the Veteran’s claim and a nexus between his liver cancer and other cancers that may have developed directly as a result of herbicide agent exposure. Based on the Veteran’s nine-year treatment for multiple cancers, Dr. J.B. opined that his liver cancer (and related tacrolimus) may have put him at an increased risk for subsequent malignancies. She specifically mentioned the Veteran’s subsequent small bowl resection followed by chemoradiation therapy for squamous cell cancer of the anus. Dr. J.B. noted the interrelationship between his various cancer treatments, anticoagulation medications, and the risks for bleeding that could threaten his life.

The Board notes that the opinions of Dr. J.B. are speculative and do not suffice for a finding of medical nexus. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007).

The Veteran was afforded a VA examination and medical opinion in January 2020. The VA examiner, C.C.C., PA-C, opined that the Veteran’s squamous cell carcinoma of the anus was less likely than not associated with exposure to herbicide agents. She relied on the fact that squamous cell carcinoma of the anus is not considered a VA presumptive illness associated with herbicide agent exposure. 

In August 2020, the Board found the January 2020 VA opinion inadequate, noting that the examiner failed to provide a sufficient rationale or basis for the opinion and did not consider the March 2017 medical article submitted by the Veteran. The Board remanded the claim for an addendum opinion.

In an addendum opinion obtained in August 2020, the examiner opined that anal cancer is not a presumptive disease associated with herbicide agent exposure. She explained that risk factors for anal cancer include human papilloma virus, and a history of tobacco use. The examiner also detailed the significance of family history and genetics as causes for the disability. 

The Board finds the August 2020 addendum opinion inadequate. While the examiner noted the March 2017 article was reviewed, the examiner did not discuss the March 2017 medical article and again appeared to give significant weight to the fact that colon cancer is not a presumptive condition associated with herbicide agent exposure.

The inadequate opinions obtained by the RO in January and August 2020 constitute a pre-decisional duty to assist error. Remand is required. 

2. Service connection for vertigo is remanded.

The Veteran’s vertigo has been attributed to treatment for his colorectal cancer and is therefore inextricably intertwined with his service connection claim for colon cancer. Remand is required.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician other than the January/August 2020 examiner, as to the nature and etiology of the Veteran’s colon cancer. 

After reviewing the Veteran’s treatment records, the medical publications of record introduced by the Veteran, and the opinion of Dr. J.B, the examiner should opine whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s colon cancer had its onset in, or is otherwise related to, his military service, to include herbicide agent exposure.

The examiner must discuss, in detail, the implications of the medical publications submitted by the Veteran, particularly as they suggest a correlation between colorectal cancer and herbicide agent exposure in Vietnam. 

If the examiner finds that the Veteran’s colon cancer is not related to service, to include herbicide agent exposure, the examiner should opine whether it is at least as likely as not that the Veteran’s colon cancer is proximately due to his service-connected non-Hodgkin’s lymphoma.

A complete medical rationale for any opinion offered should be provided. 

 

 

Stephanie M. Owen

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board F. Lanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.